## Meyer Norden, Appellee, v. Remington Typewriter Company, Appellant.

### Gen. No. 19,634.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. JOHN E. HILLSKOTTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed June 9, 1914. Rehearing denied June 23, 1914.

### Statement of the Case.

Action by Meyer Norden against Remington Typewriter Company, a corporation, to recover commissions on typewriters delivered by defendant to a purchaser after plaintiff left the employ of defendant. To reverse a judgment in favor of plaintiff, defendant appeals.

Plaintiff was employed as a salesman of defendant to sell typewriting machines. The contract was oral but was upon express terms as to weekly salary and amount of commissions on each machine sold. On August 15, 1911, he secured a contract with Armour & Company to purchase of defendant two hundred typewriters of the style known as the Remington, and such additional number as it might take before August 15, 1913, deliveries thereof to be made from time to time. In December, 1911, plaintiff left defendant's employ. In 1912, another agent of defendant negotiated an arrangement with Armour & Company to take other styles of typewriters called the Monarch and Smith Premier and deliveries of a certain number were made in the summer of 1912. This suit involves the right of plaintiff to commissions on Monarch and Smith Premier machines so delivered. Plaintiff contends (1) that he is entitled to commissions on all typewriters taken pursuant to the contract of August 15, 1911; and (2) that after he left defendant's employ there was a modification of the contract, without his consent, whereby the Monarch and Smith Premier ma-

chines were substituted for the Remington, and that he is entitled to commissions on those substituted.

AMBROSE RISDON, E. L. SHANER and WILLIAM H. HOLLY, for appellant; MILLS & HOLLY, of counsel.

G. J. NORDEN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 82*—*when evidence of terms of contract of employment admissible under general issue.* In an action by a typewriter salesman to recover commissions on sales of machines delivered to a purchaser after he had left the employ of defendant, exclusion of testimony of the manager of defendant that plaintiff's oral contract of employment did not entitle him to commissions on machines delivered after he left its employ, on the theory that defendant was seeking to establish a forfeiture as an affirmative defense and that it could not be shown under the general issue, *held* error.

2. APPEAL AND ERROR, § 592*—*necessity of motion for new trial to preserve rulings for review.* Error in striking out the testimony of a witness is preserved for review by exceptions taken to the ruling; motion for new trial is unnecessary.

CLARK, J., took no part in this decision.

---

## Chris Dahlgard, Plaintiff in Error, v. Florida Development Corporation, Defendant in Error.

### Gen. No. 19,654.

1. BROKERS, § 46*—*when not entitled to commissions on ultra vires transaction.* Where a real estate agent enters into a contract with a Florida corporation to sell its Florida lands and negotiates a trade of such lands for lands in Illinois, the agent is not entitled to commissions for the reason that the transaction is *ultra vires* and void.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.